PeaesoN, J.
 

 It was conceded in the argument that a corporation has a right to restrain by injunction the corpora-tors from doing any act which is not embraced within the scope and purpose for which the corporate body was created, and which would be a violation of the charter; not only on the ground that such act would operate injuriously upon the rights and interests of the corporators, but on the further ground that a forfeiture of the charter would be thereby incurred. i
 

 So, the only question made by the demurrer is this: Has the company power to purchase stages and horses to be run upon the said road?- — and has it likewise power to enter into a contract to carry the United States mail on the road by means of such stages ?
 

 This question must be decided by a construction of the charter. ¥e have examined it, and declare our opinion to be, that no such power is given to the company.
 

 The first section
 
 sets out the object of the incorporation, to wit, “ for the purpose of effecting a communication by means •of a plank road from Greenville to Ealeigh.”
 

 The third section
 
 grants the franchise of incorporation, and gives all the powers, rights and privileges necessary “for the purposes mentioned in this act.”
 

 The ninth section
 
 invests the president and directors of the company “with all the rights and powers necessary for the .construction,
 
 repairs and maintaining
 
 of a plank road to be located as aforesaid.”
 

 The fourteenth section
 
 provides for the erection of
 
 tollhouses and gates.
 

 The fifteenth section
 
 provides for the collection of toll to be '“
 
 demanded and received from all persons using the sañdplank
 
 
 *186
 

 road,”
 
 with a proviso that the tolls shall be so regulated that the profits shall not exceed twenty-five per cent on the capital in any one year.
 

 These sections contain the substantive provisions; the others merely embrace the details necessary for the formation of the company, &c.
 

 The mere statement makes the question too plain for observation. If, under the power to construct, repair and maintain a plank road, a power can be implied to buy stages and horses and become a mail contractor, the company, by a parity of reasoning, has an implied power to set up establishments at convenient points along the road for the purchase of produce to be carried over its road. Besides, how áre tolls to be demanded and received, and how are the profits of this enlarged operation to be regulated? How are losses from such speculations to be guarded against ?
 

 It may as well be contended that a turn-pike company, from its power to construct, repair and maintain the road, has, by implication, power to embark in the business of mail contractor, or in buying and selling horses, cattle, or produce, under the suggestion that the road would be subservient to these purposes.
 

 Let the demurrer be overruled.
 

 Pee Curiam, Decree accordingly.